## BENSON *v.* HARDIN COUNTY.

### (*Jackson*, April Term, 1938.)

Opinion filed May 28, 1938.

P. M. HARBERT, of Savannah, for plaintiff in error.

R. D. DeFORD, of Savannah, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This action was instituted before a justice of the peace by a warrant which recites:

"This debt arises out of the obligation of Hardin County to pay said Benson for operating a school bus in delivering children to and from the school in said county under contract with the Hardin County Board of Education for the scholastic years of 1936-7 and 1937-8."

The magistrate entered a judgment in favor of plaintiff for $490. The county appealed to the circuit court where a demurrer was interposed by the county and sustained, the ground thereof being that plaintiff's cause of action was against the county board of education and not against the county. We think the demurrer was properly sustained. The making of such contracts is expressly conferred upon the board, and no such authority is vested in the county; and, in fact plaintiff did not contract with the county but with the board.

The duties of the county board of education and superintendent are set forth in the Code at sections 2317-2335. One of their duties is to prepare an annual budget for the schools in the county and submit same to the county court at its April session, whose duty it is to levy a tax to take care of the budget. That is about the only duty vested in the county with respect to the schools. The law provides that the county superintendent shall issue all warrants authorized by the county board of education for expenditures for public school funds. Section 2325 of the Code provides that the county board of education shall elect teachers and other employees and fix their salaries; shall make written contracts with all employees; shall manage and control all county public schools; and purchase supplies. Section 2326 authorizes the county board of education to consolidate schools, and "To provide

transportation for pupils who reside too far away from the school to attend without such transportation and when the number of pupils justify, and to pay for same out of the public elementary school funds for transporting elementary pupils, and out of the public high school funds for transporting high school pupils.''

■ ■ From the foregoing it will be noted that the Legislature has created a board with exclusive management and control of the county schools; has authorized it to contract and be contracted with, and has provided funds with which to discharge its obligations. Plaintiff claims to have entered into a valid contract with this board; if so, he has a lawful remedy against it. But he has no remedy against the county, since he has no contract with the county directly or by any agency authorized to bind it.

In principle this case is analogous to that of *Dietler* v. *Kincannon*, 151 Tenn., 652, 270 S. W., 984, in which the complainant Dietler sued the state board of education and the president of the West Tennessee State Normal School at Memphis for goods sold and delivered and for work and labor performed at said school. It was held that the court had jurisdiction and power to pass on and decree the amount justly due complainant, the defendants refusing to pay any amount, and to compel the board, through its proper officers, to issue its certificate on the State Comptroller for the amount decreed to be due by the court. In the course of the opinion it was said (page 667): ''The allegations of the bill must be taken as true on the hearing on demurrer. Certainly the state board of education is vested with no legal discretion to pay or not to pay its just and honest debts. Admitting, as the demurrer does, the justness and correctness of complain-

ant's demand, the issuance of such certificate is a mere ministerial act which may be required by *mandamus*. Were the correctness of complainant's claim denied by defendants, the court would then have jurisdiction and authority to pass upon it and adjudge the amount justly due. If the facts established that the sum alleged to be due, or any other sum, was justly due complainant, the board could not rightfully and legally determine that it owed complainant nothing. To do this would simply mean that it has determined to act contrary to the facts and the law. No discretion is conferred by law on the board to decide that it will pay nothing, when, in fact, it justly owes something. The act of issuing the certificate on the comptroller, when the amount owed is admitted or legally established, is purely ministerial."

*Morton* v. *Hancock County,* 161 Tenn., 324, 30 S. W. (2d), 250, was a suit instituted by Mr. and Mrs. Morton against the County Board of Education of Hancock County for the purpose of establishing their claims for services as teachers in the county high school.

In *State ex rel. Brown* v. *Polk County,* 165 Tenn., 196, 54 S. W. (2d), 714, no question was made as to the form of the action.

For the reasons stated herein, the judgment of the trial court is affirmed.