Elayne SANDERS, Appellant,

v.

Dr. Benjamin E. CARMICHAEL, etc., et al., Appellees.

Supreme Court of Tennessee.

Sept. 2, 1975.

Charles Hampton White, Nashville, for appellant.

John W. Price, Dyersburg, John R. Lodge, Jr., Asst. Atty. Gen., Nashville, for appellees.

## OPINION

COOPER, Justice.

Elayne Sanders filed an action in the Chancery Court of Davidson County against Dr. Benjamin E. Carmichael, Commissioner of Education of the State of Tennessee, Casie J. Vinson, Superintendent of the Dyer County school system, the Dyer County Board of Education and the individual members of the Board, seeking "restoration and/or reinstatement to her position as a classroom teacher teacher in the Dyer County School System, including a declaration of her rights and status as a teacher, and restoration of withheld proceeds of the State School Fund as should be applied toward her salary." On considering motions to dismiss filed by the defendants, the chancellor concluded the plaintiff was seeking judicial review of her "discharge as a teacher by the Dyer County School Board and Dyer County Superintendent of Schools," and that the action must be brought in Dyer County. The chancellor then entered a decree that the action be "dismissed for lack of venue."

According to the averments of the complaint which must be taken as true at this stage of the proceedings, Elayne Sanders became eligible at the end of the 1973–74 school year for consideration as a tenure teacher in the Dyer County school system. Superintendent Vinson refused to recommend the re-election of Mrs. Sanders for the 1974–1975 school year. The Board of Education went against the recommendation of its superintendent and, on April 9, 1974, re-elected Mrs. Sanders. On April 11, 1974, the Board rescinded its action of April 9th and voted not to re-hire plaintiff. Plaintiff requested and was granted a hearing to review the Board's action of April 11, 1974. The Board adjourned the hearing without taking formal action relative to the employment of plaintiff, but resolved to set another meeting to review the legal construction of Tennessee Code Annotated, Section 49–602(A)(7), as amended, and its effect on state funding of the plaintiff's salary.

Tennessee Code Annotated, Section 49–602(A)(7) provides in pertinent part, that:

"7. In order for any professional position, together with the salary therefor as authorized in this section, to be included in the minimum foundation school program, or to be paid from any public funds, the person filling such professional position shall be recommended by the local superintendent of schools and elected by the local board of education. However, such failure of recommendation shall not affect an employed teacher's rights as otherwise set forth in this title".

On June 24, 1974, the Board voted to rescind its action of April 11, 1974, and voted to re-elect plaintiff as a teacher for the 1974–1975 school year.

On July 1, 1975, the Commissioner of Education of the State of Tennessee wrote Superintendent Vinson that $7,140.00 would be withheld from the State Minimum Foundation School Program allocation to the Dyer County School System for the year 1974–1975 until there was a concurrence between the Dyer County Board of Education and Superintendent Vinson on the employment of the plaintiff.

Thereafter, in late July, 1974, the Dyer County Board of Education forwarded plaintiff an "acknowledgement of employment," which was completed and returned

by plaintiff. Plaintiff reported for in-service training on August 19, 1974, and worked for one week before being notified by Superintendent Vinson and the Chairman of the Board of Education of Dyer County that the Board had voted to terminate plaintiff's employment as a teacher on August 22, 1974, and that the action was "taken due to a Chancery Court case between the Tennessee Education Association and the Tennessee State Department of Education regarding legality of [her] employment under T.C.A. 49–602(A)(7) as amended by Chapter 435, Public Acts of 1974." As of the date of termination of plaintiff's employment, there was no lawsuit involving either the Tennessee Education Association or plaintiff and the Tennessee State Department of Education regarding the legality of the plaintiff's employment.

Plaintiff charges that as the result of her re-election on June 24, 1974, as a teacher in the Dyer County school system for the 1974–1975 school year, she acquired tenure status and, consequently, was not subject to dismissal except for the grounds set forth in Section 49–1412 of the Tennessee Code Annotated, and then only on written charges and after having been afforded the opportunity to defend against those charges. She further charged that her dismissal as a teacher under the circumstances set out above was unlawful under the provisions of the Tennessee Teachers' Tenure Act and was in violation of her contractual rights with the Dyer County Board of Education, and sought a declaration of her rights and damages for breach of her employment contract. Plaintiff also sought a declaratory judgment that the Commissioner of Education of the State of Tennessee acted unlawfully in withholding funds from the Dyer County Board of Education when plaintiff was hired without the recommendation of the superintendent of the Dyer County school system.

 Giving the broadest possible interpretation to the complaint in this case, it is evident that the primary or basic relief sought by plaintiff is restoration and/or reinstatement to her position as a classroom teacher in the Dyer County school system and damages, if any, resulting from her discharge. Her cause of action is predicated upon an alleged contract of employment between her and the Dyer County School Board, and upon rights allegedly given her by the Teachers' Tenure Law. The Commissioner of Education of the State of Tennessee is not a party to plaintiff's contract of employment, neither is he a necessary or material party to the determination of any rights which the plaintiff may have under the Teachers' Tenure Law. The only parties necessary or material to a resolution of plaintiff's right to employment and damages from breach of an employment contract are the parties to the contract of employment. And, the venue of an action to review the dismissal of a teacher having "permanent tenure" or "limited tenure" is in the county where the teacher was employed—in this case, Dyer County. See T.C.A. § 49–1417.

 Plaintiff insists that despite the statutory location of venue in Dyer County, the present action properly was brought in Davidson County as plaintiff also sought a declaration that the Commissioner of Education of the State of Tennessee unlawfully withheld funds from the Dyer County school system when plaintiff was hired by the Dyer County School Board without the recommendation of her school superintendent. The right to funds from the State Minimum Foundation School Program is peculiarly an issue to be raised by the school system involved, and not by a teacher employed by the system. The fact that funds may or may not be withheld from a school system by the Commissioner of Education is not determinative of, or in any way material to, the rights or duties of the plaintiff or the Dyer County School Board under the employment contract which is at issue in this case, or under the Teachers' Tenure Law. We hold, therefore, that under the circumstances of this case, the plaintiff has no standing to challenge the action of the

Commissioner of Education in withholding State Minimum Foundation School Program funds from the Dyer County school system.

Decree affirmed, with costs being adjudged against the appellant, Elayne Sanders.

FONES, C. J., and HENRY, BROCK and HARBISON, JJ., concur.