Robert S. HOWARD, Petitioner,

v.

Paul M. BOGART, Superintendent of Schools of Sevier County, Tennessee, Respondent.

Supreme Court of Tennessee.

Jan. 2, 1979.

Charles Hampton White, Nashville, H. Dennis Jarvis, Jr., Sevierville, for petitioner.

W. Henry Ogle, Sevierville, for respondent.

OPINION

BROCK, Justice.

Petitioner, Howard, plaintiff in the trial court, brought this action for damages against the defendant, Bogart, Superintendent of Schools of Sevier County, Tennessee, alleging that the defendant had unlawfully interfered with the plaintiff's rights as the "Title I Coordinator" of the Sevier County School System for the school year 1971–1972, in that, the defendant had padlocked the offices of the Title I Coordinator and denied access to the records located therein, thereby preventing and frustrating the plaintiff's performance of his duties in said position.

The defense offered by the defendant Superintendent was that he, as Superintendent of Schools of Sevier County, had not recommended plaintiff's employment as the Title I Coordinator and, therefore, that the plaintiff's employment in that position by the Sevier County Board of Education, without the concomitant recommendation of the defendant Superintendent, was invalid under the provisions of Section 7(9), Chapter 439, Public Acts of 1971. That statutory provision is as follows:

> "All professional personnel employed in the minimum foundation school program of an equalizing county, city, or special school district, or to be paid from any public funds, shall be recommended by the local superintendent of schools and elected by the local school board of education; and all nonprofessional personnel initially employed under the said program shall be so recommended and elected."

The case was tried before the circuit judge without a jury and that court found the issues in favor of the plaintiff and awarded damages of $5,000. The defendant Superintendent appealed to the Court of Appeals which reversed the judgment of the trial court and dismissed the complaint, holding that the above quoted statutory provision required the recommendation or concurrence of the Superintendent of Schools in order for the Sevier County Board of Education to enter into a valid contract of employment with the plaintiff.

The court, therefore, concluded that the petitioner's contract of employment with the Sevier County Board of Education as Title I Coordinator was invalid and could not furnish the basis for this action for damages. We granted certiorari to review the conclusion of the Court of Appeals that the County Board of Education was without authority to make a binding contract of employment with a Title I Coordinator without the recommendation of the Superintendent of Schools.

It has now been more than 50 years since the General Education Act was first enacted in 1925 and, from that date to this, it has been consistently held that the County Board of Education is the supreme authority in school matters within the county, that the Superintendent of Schools is subservient to the Board, and that in hiring and discharging school personnel the Board is supreme and may take such action alone, over the objection of the Superintendent. T.C.A., §§ 49–214(1), 49–224, 49–1313; *Benson v. Hardin County,* 173 Tenn. 246, 116 S.W.2d 1025 (1938); *State v. Yoakum,* 201 Tenn. 180, 297 S.W.2d 635 (1956); *State v. County of Moore,* 207 Tenn. 622, 341 S.W.2d 746 (1960); *Gibson v. Butler,* Tenn., 484 S.W.2d 356 (1972); *Sanders v. Vinson,* Tenn., 558 S.W.2d 838 (1977).[1]

■ Of course, this allocation of power was made by the Legislature and is subject to change by that body.

Did the Legislature intend, by enacting § 7(9), Chapter 439 of the Public Acts of 1971, to override the authority of the Board of Education to employ personnel under the authorities above cited, and require that such election of personnel by the Board could be made only with the approval and recommendation of the Superintendent of Schools? The caption of the public act here under consideration discloses that it was an appropriation act funding the various educational programs in the State of Tennessee during the year 1971. As pointed out in the brief of the petitioner, paragraph 9 of that act, quoted above, appears in a strange context if it is to be given the effect as-

cribed to it by the Court of Appeals. It appears between a provision dealing with the rate of tax for a special school district to receive equalizing funds and another provision that city, county and special school district boards of education may contract with appropriate local or state officials in adjoining states for the education of children in grades 1 through 12. We cannot lightly ascribe to the general assembly an intent to repeal or modify the existing rights of school personnel and the relative authority of the board of education and superintendent of schools by such an obscure provision as Section 7(9) of Chapter 439 of the Public Acts of 1971. Moreover, if the recommendation or approval of the superintendent of schools is essential in order for the board of education to employ a teacher, the operation of our schools in many places would come to a standstill. The frequent bitter and political disputes between county superintendents and boards of education are all to evident in the school litigation coming to this Court. It is simply imperative that someone, be it superintendent or board of education, must be in charge and have the last word. The very case now before us is a good example of the kind of impasse which would result if the law were otherwise.

■ In our view the correct interpretation to be placed upon Section 7(9) of Chapter 439 of the Public Acts of 1971 is indicated by our decisions in *Sanders v. Vinson, supra,* and *Sanders v. Carmichael,* Tenn., 527 S.W.2d 92 (1975). The principal question at issue in those cases was whether a teacher had been validly elected and had acquired tenure. She had been elected by the Board of Education but had not been recommended by the Superintendent of Schools. One of the insistences made was that T.C.A., § 49–602, A(7), which is the successor provision to that which we construe in the case at bar, rendered ineffective the teacher's election by the Board of Education, without the recommendation of the Superintendent. Subsection A(7) provided:

---

1. *But see* Sec. 1, Ch. 202, Public Acts of 1957, for an exception to this principle.

"In order for any professional position, together with the salary therefor . . to be included in the minimum foundation school program, or to be paid from any public funds, the person filling such professional position shall be recommended by the local superintendent of schools and elected by the board of education. However, such failure of recommendation shall not affect any employed teacher's rights as otherwise set forth in this title."

Concerning this quoted provision, we said: "The rights of tenurial teachers are 'otherwise set forth in this title.' Further compliance with this section is a condition precedent to the funding of a teaching position but not to the acquisition of tenure. As we phrased it in *Sanders v. Carmichael, supra:*

*'The fact that funds may or may not be withheld from a school system by the commissioner of education is not determinative of, or in any way material to, the rights or duties of the plaintiff or the Dyer County School Board under the employment contract which is at issue in this case, or under the Teacher's Tenure Law. (Citation omitted.)'* [Emphasis added.]

"The source of the funds necessary to pay the salary of a teacher is wholly separate from the acquisition of tenure. Local school authorities must know that the conference of tenure results in salary payments, either from minimum foundation funds supplied by the State, or from county funds, and that State funds are not available absent the recommendation of the superintendent." 558 S.W.2d at 843–44.

We held in *Sanders* that under the statutory scheme of our general educational laws the school board is the dominating entity and that the recommendation of the superintendent is not essential to the employment, reemployment or retention of a public school teacher. We adhere to those views.

Applying the rationale of the *Sanders* cases to the case at bar, we conclude that,

although Section 7(9) of Chapter 439 of the Public Acts of 1971, may require that a teacher be recommended by the Superintendent as well as elected by the Board *in order for the position to be funded under the State's minimum foundation program, it does not deprive the Board of Education of the authority to enter into a valid contract of employment without the recommendation of the Superintendent, for one to serve as a Title I Coordinator or in some other teaching position.* The Court of Appeals erred in holding to the contrary. The judgment of the Court of Appeals is reversed and that of the trial court affirmed, with interest. Costs will be paid by the respondent Bogart, in his official capacity as Superintendent of Schools for Sevier County, Tennessee.

HENRY, C. J., and FONES, COOPER and HARBISON, JJ., concur.