IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

STUART BOWDEN,

     Plaintiff-Appellant,

Vs.

MEMPHIS BOARD OF EDUCATION,

     Defendant-Appellee.

Shelby Chancery No. 100712-1
C.A. No. 02A01-9807-CH-00217

FILED

April 16, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

FROM THE SHELBY COUNTY CHANCERY COURT
THE HONORABLE C. NEAL SMALL, CHANCELLOR

Charles Hampton White, Jay N. Chamness; Cornelius & Collins, LLP,
of Memphis, For Appellant

Ernest G. Kelly, Jr.; Evans & Petree of Memphis
For Appellee

*AFFIRMED AND REMANDED*

Opinion filed:

**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**

**CONCUR:**

**ALAN E. HIGHERS, JUDGE**

**DAVID R. FARMER, JUDGE**

     This is a teacher tenure case. Plaintiff/Appellant, Stuart Bowden, appeals the order of

the trial court granting summary judgment to Defendant/Appellee, Memphis Board of Education

(Board).

Bowden obtained a Bachelor of Science degree from Auburn University in 1984. During the 1987-88 academic year, Bowden began teaching in the Memphis City Schools System at White Station Junior High School on an out-of-state teaching license.[1] Bowden was subsequently reelected for employment by the Board for the 1988-89 and the 1989-90 academic year.

In the spring of 1990, Bowden received a notice of non-reelection. However, he was later re-evaluated and subsequently recommended for a fourth year of employment for the 1990-91 academic year. At the July 1990 Board meeting, Bowden was reelected for the 1990-91 academic year.

On April 9, 1991, Bowden received another notice of non-reelection effective for the 1991-92 academic year. As a result of this action by the Board, Bowden filed a complaint against the Board on October 21, 1991. In the complaint, Bowden asserted that he attained permanent tenure upon his reelection for a fourth year of service and that his subsequent dismissal violated the Tennessee Teacher Tenure Act in that he was not presented with written charges and afforded the opportunity of a hearing as required by T.C.A. § 49-5-512. Bowden further asserted that he was entitled to be reinstated to his position as a teacher and made whole for any monetary losses sustained as a result of the Board's unlawful action. On December 4, 1991, the Board filed an answer in which it averred that the dismissal was lawful in that Bowden never attained tenure status since the Board was not notified that re-employment of Bowden would result in tenure.

On April 2, 1998, Bowden filed a motion for summary judgment, and subsequently, the Board filed a motion for summary judgment. On June 29, 1998, the trial court granted the Board's motion for summary judgment, denied Bowden's motion, and dismissed the complaint.

Bowden has appealed and presents the following issue, as stated in his brief, for our review:

> Did the trial court err in ruling that the plaintiff, Stuart Bowden, did not acquire permanent tenure upon his re-election as a teacher on July 1, 1990, and therefore was not discharged in violation of the Tennessee Teacher Tenure Act?

---

[1] In 1989, Bowden received his Tennessee teaching certificate with endorsements in the areas of history and mathematics. At the same time, Bowden also received a Career Level I certification.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). In the instant case it is conceded that the facts are undisputed, and there are no disputed issues of material fact. Bowden asserts that he is entitled to a judgment as a matter of law and that the trial court erred in granting summary judgment to the Board.

Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

The criteria to attain permanent tenure is set forth in T.C.A. § 49-5-503 (2) (1996):

> (2) "Permanent tenure" applies to any teacher who:
> (A) Has a degree from an approved four-year college or to any vocational teacher who has the equivalent amount of training established and licensed by the state board of education;
> (B) Holds a valid professional license based on training covering the subjects or grades taught;
> (C) Has completed a probationary period of three (3) school years or not less than twenty-seven (27) months within the last five-year period, the last year to be employed as a regular teacher; and
> (D) Is reemployed by the board for service after the probationary period.

From a review of the record and undisputed by the parties, Bowden met each of the foregoing statutory requirements. At issue, however, is the application of T.C.A. § 49-5-504(b) (1996) regarding notice to the Board. The statute provides:

> Upon completion of the probationary period, any teacher who is reemployed or retained in the system is entitled to the tenure status for which such teacher is qualified by college training and licensing; provided, that the superintendent shall notify the board prior to reelection by the board that the teacher, if reelected, will attain tenure status.

It is undisputed that the Board was not notified that Bowden would attain tenure status upon reelection. However, Bowden asserts that when he was reelected by the Board for the 1990-91 academic year, he was entitled to tenure status and attained such since he met the statutory requirements. Thus, he contends that as a result of his tenure status, his dismissal at the conclusion of the 1990-91 academic year without charges and an opportunity for a hearing was unlawful, therefore entitling him to reinstatement and full back pay. He states that given that the duty imposed upon the superintendent to notify the board is mandatory rather than

3

discretionary, the courts have held that there is a presumption that the superintendent has performed such duty. Therefore, Bowden submits that the duty of notification cannot be read as a condition upon a teacher's entitlement to tenure. He contends that the statute entitles a teacher to tenure and only requires the superintendent to notify the board that the teacher will attain tenure. Bowden argues that if notification is read as a condition, the superintendent could transform the statutory entitlement of tenure into a discretionary decision only the superintendent could make. Moreover, Bowden argues that the statutes cannot and should not be read to allow either the Board or the superintendent to reelect a tenure-eligible teacher while withholding tenure. Finally, he asserts that neither T.C.A. § 49-5-504(b) nor any previous case law permit the Board and the superintendent to deprive him of his entitlement to tenure by virtue of their dereliction of duty.

On the other hand, the Board asserts that T.C.A. § 49-5-504(b) requires that the Board be specifically notified that reelection will confer tenure in order to prevent granting tenure inadvertently. They submit that the notification requirement is not a mere formality but is a crucial part of the process of conferring tenure and without the notice, the reelection does not confer tenure status. The Board states that neither the substance nor the statutory procedure of an election to tenure was carried out with regard to Bowden. They also assert that the undisputed facts make it clear that the Board was never put on notice that reelection could confer tenure status to Bowden, thus any presumption was specifically rebutted.

When interpreting a statute, the role of the Court is to "ascertain and give effect to the legislative intent." *Sharp v. Richardson*, 937 S.W.2d 846, 850 (Tenn. 1996). To this end, the meaning of a statute is not to be determined from special words in a single sentence or section, but from the statute taken as a whole. *State ex rel. Bastnagel v. City of Memphis*, 224 Tenn. 514, 457 S.W.2d 532 (1970). In the absence of ambiguity, legislative intent is derived from the face of a statute, and the Court may not depart from the "natural and ordinary" meaning of the statute's language. *Davis v. Reagan*, 951 S.W.2d 766, 768 (Tenn. 1997); *Westland West Community Ass'n v. Knox County*, 948 S.W.2d 281, 283 (Tenn. 1997).

"The conference of tenurial status is dependent not only upon service but also upon affirmative action by the Board of Education." *Sanders v. Vinson*, 558 S.W.2d 838, 842 (Tenn. 1977). The completion of the probationary period by a teacher "does *not* automatically confer

4

permanent tenure. It merely is a condition precedent to *eligibility* for tenure." *Id.* (emphasis in original).

We believe this case is controlled by our Supreme Court's decision in *Reeves v. Etowah City School Board of Education*, 806 S.W.2d 176 (Tenn. 1991), wherein the Court said:

> The language and purpose of the statute are clear:
>
> (b) Upon completion of the probationary period, any teacher who is reemployed or retained in the system is entitled to the tenure status for which he is qualified by college training and licensing; *provided that the superintendent shall notify the board prior to reelection by the board that the teacher, if reelected, will attain tenure status.*
>
> Tenn. Code Ann. § 49-5-504(b) (emphasis added).
>
> In *Sanders v. Vinson*, 558 S.W.2d 838 (Tenn. 1977), we commented on this section of the statute: "The sole, and we think self-evident, purpose of this proviso is to insure that the board knows that re-employment will confer tenure." *Id.* at 843. The *Sanders* Court also made it clear that "[t]he conference of tenurial status is dependent not only upon service but also upon affirmative action by the Board of Education," and that the completion of the probationary period by a teacher "does *not* automatically confer permanent tenure. It merely is a condition precedent to *eligibility* for tenure." (Emphasis in original).
>
> *          *          *
>
> We hold that Tenn. Code Ann. § 49-5-504(b), which requires notice by the superintendent, is a limitation on Tenn. Code Ann. § 49-5-503(2)(D), which grants permanent tenure status when a teacher is reemployed after the probationary period.

*Id*. at 178-179.

Bowden attempts to distinguish *Reeves* by arguing that there is a crucial factual distinction because in *Reeves* it was the superintendent himself who was eligible for tenure and who failed to notify the board as required. Bowden appears to be asserting that notification is a condition precedent only if it is the superintendent who is eligible for tenure. We find this distinction to be untenable. Neither the *Reeves* Court nor the statutory provision makes such a distinction, and such a distinction is unwarranted.

From a review of the record and the undisputed facts, the Board was not notified prior to reelection that Bowden, if reelected, would attain tenure status. Without the requisite notification given to the Board, Bowden did not achieve permanent tenure status under the Teacher Tenure Act when he was reelected for the 1990-91 academic year. Therefore, the

5

subsequent action by the Board in not reelecting Bowden was lawful.

Accordingly, the judgment of the trial court is affirmed, and the case is remanded for such further proceedings as necessary. Costs of appeal are assessed against the appellant.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**


_____
**ALAN E. HIGHERS, JUDGE**


_____
**DAVID R. FARMER, JUDGE**