IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 29, 2017 Session

FILED

07/12/2017

Clerk of the
Appellate Courts

## KEVIN CASH v. TURNER HOLDINGS LLC A/K/A PRAIRIE FARMS DAIRY INC.

**Appeal from the Circuit Court for Shelby County**
**No. CT-001140-15  James F. Russell, Judge**

———————————————————————

**No. W2016-02288-COA-R3-CV**

———————————————————————

This case involves the application of the doctrine of res judicata.  Appellant filed a complaint against appellee alleging retaliatory discharge, fraud, and intentional infliction of emotional distress in the first lawsuit.  The trial court granted appellee's Rule 12.02(6) motion to dismiss "in its entirety."  Appellant thereafter filed a second lawsuit against appellee alleging the same causes of action.  The trial court granted summary judgment to appellee based on the doctrine of res judicata.  Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the court, in which BRANDON O. GIBSON, and KENNY ARMSTRONG, JJ., joined.

Terrell L. Tooten, Cordova, Tennessee, for the appellant, Kevin Cash.

Robert D. Meyers and Meghan K. McMahon, Memphis, Tennessee, for the appellee, Turner Holdings LLC a/k/a Prairie Farms Dairy Inc.

## MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

BACKGROUND

Because this case was decided on summary judgment, the facts are largely undisputed and are taken from the statement of undisputed facts contained in the record. On July 31, 2014, Kevin Cash filed a complaint in the Shelby County Circuit Court against his former employer, Turner Holdings LLC a/k/a Prairie Farms Dairy Inc. ("Turner"), alleging retaliatory discharge, fraud, and intentional infliction of emotional distress stemming from an alleged on-the-job injury for which Mr. Cash filed a worker's compensation claim.[2] On August 25, 2014, Turner filed a Rule 12.02(6) motion to dismiss Mr. Cash's claims for failure to state a claim upon which relief can be granted, citing the exclusive remedy provisions of the Tennessee Workers' Compensation law, Mr. Cash's failure to "plead direct factual allegations," and the applicable statute of limitations. On October 14, 2014, Mr. Cash filed an amended complaint in order to correct any deficiencies. The trial court held a hearing on the motion on November 7, 2014, made oral rulings at the conclusion of the hearing, and granted Turner's motion to dismiss. The trial court entered an order on November 20, 2014, with a transcript of the hearing attached as an exhibit, "grant[ing the motion] in its entirety" and dismissing the case.

Approximately six months later, on March 18, 2015, Mr. Cash filed the instant complaint in the same court alleging the same causes of action against Turner. On April 15, 2015, Turner filed an answer, denying all material allegations contained in the complaint and raising various defenses. On June 3, 2015, Turner filed a motion for summary judgment, asserting that Mr. Cash's claims were barred by the doctrine of res judicata because "the November 2014 order was a final adjudication on the merits, the parties in the two lawsuits are the same, and [Mr. Cash]'s claims in both lawsuits are similar and based on the same factual allegations." Several contentious filings ensued.

On September 23, 2016, the trial court conducted a hearing on Turner's motion for summary judgment. In its ruling, the trial court clarified that the sole issue before it was whether the grant of the motion to dismiss was a final order dismissing the prior case on the merits. The trial court concluded that Mr. Cash's claims in the instant case were barred by the doctrine of res judicata, granted Turner's motion for summary judgment, and dismissed the case "in its entirety on the merits with prejudice." On October 4, 2016, the trial court entered an order granting summary judgment to Turner. The trial court attached its oral ruling from the hearing as an exhibit. Mr. Cash timely appealed.

---

[2] Mr. Cash initially pursued worker's compensation claims in the Shelby County Chancery Court, along with the retaliatory discharge, fraud, and intentional infliction of emotional distress claims. Mr. Cash voluntarily nonsuited the retaliatory discharge, fraud, and intentional infliction of emotional distress claims, leaving only the worker's compensation claims remaining in chancery court.

**ISSUES**

Mr. Cash raises the following issues for our review:

1. Whether the trial court erred when it determined that the cause of action was dismissed on the merits.
2. Whether the trial court erred when it concluded that it issued a final order on November 20, 2014.

**STANDARD OF REVIEW**

This case was decided on a motion for summary judgment. Summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion; and (2) the moving party is entitled to judgment as a matter of law on the undisputed facts. Tenn. R. Civ. P. 56.04. In cases where the moving party does not bear the burden of proof at trial, the movant may obtain summary judgment if it:

(1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
(2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

*See **Rye v. Women's Care Ctr. of Memphis, MPLLC***, 477 S.W.3d 235 (Tenn. 2015), *cert. denied*, 136 S. Ct. 2452, 195 L. Ed. 2d 265 (2016).

On appeal, this Court reviews a trial court's grant of summary judgment *de novo* with no presumption of correctness. ***Rye***, 477 S.W.3d at 250 (citing ***Bain v. Wells***, 936 S.W.2d 618, 622 (Tenn. 1997)). In reviewing the trial court's decision, we must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. ***Luther v. Compton***, 5 S.W.3d 635, 639 (Tenn. 1999); ***Muhlheim v. Knox Cnty. Bd. of Educ.***, 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law. *See **White v. Lawrence***, 975 S.W.2d 525, 529 (Tenn. 1998); ***McCall v. Wilder***, 913 S.W.2d 150, 153 (Tenn. 1995). When a moving party has filed a properly supported motion for summary judgment, the nonmoving party must respond by pointing to evidence that shows summary judgment is inappropriate. ***Rye***, 477 S.W.3d at 264–65. As the Tennessee Supreme Court explained:

When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" at the summary judgment stage "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S. Ct. 1348. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence at the summary judgment stage is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Id.*

## DISCUSSION

The issues in this case concern the application of the doctrine of res judicata. As recently explained by our Supreme Court:

"The doctrine of res judicata, also referred to as claim preclusion, bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit." *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009) (citing *Massengill v. Scott*, 738 S.W.2d 629, 631 (Tenn. 1987)). "The primary purposes of the doctrine are to promote finality in litigation, prevent inconsistent or contradictory judgments, conserve legal resources, and protect litigants from the cost and vexation of multiple lawsuits." *Id.* (citing *Sweatt v. Tenn. Dep't of Corr.*, 88 S.W.3d 567, 570 (Tenn. Ct. App. 2002)).
"The party asserting a defense predicated on res judicata must demonstrate (1) that the underlying judgment was rendered by a court of

competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits." *Long*, 435 S.W.3d at 183 (citing *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998); *Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990)). A trial court's decision regarding the application of res judicata presents a question of law which we review de novo without a presumption of correctness. *Id.* (citing *Jackson v. Smith*, 387 S.W.3d 486, 491–92 (Tenn. 2012); *In re Estate of Boote*, 198 S.W.3d 699, 719 (Tenn. Ct. App. 2005)).

*Napolitano v. Bd. of Prof'l Responsibility*, --- S.W.3d ----, No. M2016-00869-SC-R3-BP, 2017 WL 2265593, at *11 (Tenn. May 24, 2017).

Mr. Cash does not dispute that elements (1), (2), and (3) have been met. Rather, he contends that there was no final judgment on the merits based on the following grounds: (1) that the trial court's order did not dismiss his complaint on the merits; and (2) the November 20, 2014 order dismissing his complaint was not a final order.

We first address whether the trial court erred in its determination that the November 20, 2014 order was concluded on the merits. Although not stated as such, we perceive Mr. Cash's argument to be that the trial court's November 20, 2014 dismissal of his amended complaint was based on the insufficiency of the complaint, i.e., the failure to plead sufficient facts, and therefore was not on the merits.[3] As the Tennessee Supreme Court has explained:

---

[3] In the argument section of his brief, Mr. Cash takes issue with the fact that the trial court "based [its ruling] on the belief that [the ground of retaliatory discharge] was not properly pled in the [a]mended [c]omplaint." As support, Mr. Cash cites the transcript of the November 7, 2014 hearing, during which the trial court made the comment:

> First of all, the Court notes that it has not been argued here that the Tennessee courts actually recognized a cause of action for wrongful discharge predicated upon an employee actually making a workers' compensation claim, see Clanton, C-L-A-N-T-O-N, versus Cain-Sloan Company found at 677 S.W.2d 44[1], a 1984 decision of the Tennessee Supreme Court where such a cause of action was actually recognized and is viable.
> A careful reading of both the original Complaint and the Amended Complaint would reveal that the facts pled simply do not bring this cause of action within the four corners of what is recognized in Clanton versus Cain-Sloan and **cannot be considered** in light of the holding in that case.

(emphasis added). Based on this oral ruling, Mr. Cash argues that the trial court did not consider the retaliatory discharge claim on the merits.

> In Tennessee, any dismissal of a claim other than a dismissal for lack of jurisdiction, for lack of venue, or for lack of an indispensable party "operates as an adjudication upon the merits," unless the trial court specifies otherwise in its order for dismissal. Tenn. R. Civ. P. 41.02(3). Guided by this rule, the Court of Appeals has held that an order granting a motion to dismiss for failure to state a claim upon which relief can be granted under Tennessee Rule of Civil Procedure 12.02(6) is an adjudication on the merits. ***Boyd v. Prime Focus, Inc.***, 83 S.W.3d 761, 766 (Tenn. Ct. App. 2001), *perm. to app. denied* (Tenn. 2002). We agree with that assessment. Unlike the dismissal of a complaint on procedural or technical grounds, "[t]he sole purpose of a Tenn. R. Civ. P. 12.02(6) motion to dismiss is to test the legal sufficiency of the complaint." ***Dobbs v. Guenther***, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992) (citing ***Sanders v. Vinson***, 558 S.W.2d 838, 840 (Tenn. 1977); ***Holloway v. Putnam C[nty.]***, 534 S.W.2d 292, 296 (Tenn. 1976)).

***Creech v. Addington***, 281 S.W.3d 363, 378 (Tenn. 2009). Here, Turner sought to dismiss Mr. Cash's complaint based on the failure to state a claim for which relief could be granted as to all of the claims, and the trial court granted Turner's motion "in its entirety" in its November 20, 2014 order. As discussed above, a Rule 12.02(6) motion "tests the legal sufficiency of the complaint" and therefore the grant of the motion operates as an adjudication on the merits. *See **Boyd***, 83 S.W.3d at 766; ***Dobbs***, 846 S.W.2d at 273. Furthermore, the dismissal of Mr. Cash's complaint was for failure to state a claim upon which relief could be granted, not for lack of jurisdiction, venue, or indispensable party. Despite Mr. Cash's contention otherwise, the trial court need not specify in its order for dismissal that the order operated as an adjudication upon the merits. In the absence of specific language designating otherwise, the trial court's November 20, 2014 judgment granting the Rule 12.02(6) motion to dismiss brought by Turner was, therefore a judgment on the merits for res judicata purposes.

Mr. Cash next argues that the trial court erred in concluding that the November 20, 2014 order is a final order. A judgment is final "'when it decides and disposes of the whole merits of the case leaving nothing for the further judgment of the court.'" ***Richardson v. Tenn. Bd. of Dentistry***, 913 S.W.2d 446, 460 (Tenn. 1995) (quoting ***Saunders v. Metro. Gov't of Nashville & Davidson Cnty.***, 383 S.W.2d 28, 31 (Tenn. 1964)). "In the absence of an express direction of the court to the contrary, a judgment that disposes of only some of the claims, issues, or parties is not a final judgment and is subject to revision by the court at any time before the entry of a final judgment adjudicating all claims and the rights and liabilities of all parties." ***Creech v. Addington***, 281 S.W.3d 363, 377 (Tenn. 2009) (citing Tenn. R. Civ. P. 54.02; Tenn. R. App. P. 3(a)). Generally, "a trial court's judgment becomes final thirty days after its entry unless a party files a timely notice of appeal or specified post-trial motion." ***Id.*** (citing ***State v.***

*Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996); Tenn. R. App. P. 4(a)-(c)); *see also McBurney v. Aldrich*, 816 S.W.2d 30, 34 (Tenn. Ct. App. 1991).

Here, Mr. Cash argues that the trial court incorrectly based its ruling on the application of the elements for a retaliatory discharge claim rather than the elements for a retaliatory discharge for filing a worker's compensation claim. According to Mr. Cash, the trial court's failure to address the retaliatory discharge for filing a worker's compensation claim rendered the November 20, 2014 order not final. We respectfully disagree. The fact that the trial court might have erred in its application of the elements to Mr. Cash's claim would not have affected the finality of the November 20, 2014 order based on the order's unambiguous language "grant[ing Turner's motion to dismiss] in its entirety" and disposing of the entire case. Clearly, this ruling includes the retaliatory discharge claim as alleged in Mr. Cash's complaint and amended complaint. In addition, the transcript of the November 7, 2014 hearing indicates that the trial court discussed and rejected each of Mr. Turner's claims. Accordingly, at the time of the entry of the November 20, 2014 order, Mr. Cash had no remaining claims pending against Turner notwithstanding the trial court's alleged error.[4] Additionally, nothing in the record indicates that Mr. Cash appealed the dismissal of the October 14, 2014 amended complaint. Since the November 20, 2014 order was not appealed, it became a final judgment thirty days after its entry. Tenn. R. Civ. P. 59.02. Once this order became final, the doctrine of res judicata operated to bar Mr. Cash from asserting the same claims against Turner in a subsequent action, i.e., the March 18, 2015 complaint. As such, we conclude that the dismissal of the October 14, 2014 amended complaint is now final because more than thirty days have passed since the entry of the order. This element is, therefore, clearly met.

Because Mr. Cash does not contest any of the other elements required to establish the applicability of the doctrine of res judicata in his appellate brief, we decline to address them. *Cf.* ***Hippe v. Miller & Martin, PLLC***, No. M2014-01184-COA-R3-CV, 2015 WL 2257175, at *2 (Tenn. Ct. App. May 12, 2015) (limiting its consideration to only the element contested by the appellant in his appellate brief); *see also* ***Watson v. Watson***, 309 S.W.3d 483, 497 (Tenn. Ct. App. 2009) (citing Tenn. R. App. P. 13(b)) ("The appellate court may treat issues that are not raised on appeal as being waived."). Consequently, we conclude that the trial court correctly determined that the remaining elements were met. The grant of summary judgment by the trial court is affirmed.

## CONCLUSION

The judgment of the Shelby County Circuit Court is affirmed, and this cause is remanded for further proceedings as are necessary and consistent with this Opinion.

---

[4] We need not decide whether the trial court's rulings in its November 20, 2014 order are correct, however, for purposes of whether res judicata applies.

Costs of this appeal are taxed to the Appellant, Kevin Cash, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE