**Roy JONES, Plaintiff-Appellee,**

v.

**Roger BROWN, et al.,
Defendants-Appellants.**

Supreme Court of Tennessee,
Eastern Section, at Knoxville.

March 30, 1987.

George H. Buxton, III, Buxton, Layton, Webster & Wilkinson, Oak Ridge, for defendants-appellants.

David H. Dunaway, Thomas K. McAlexander, Dunaway, Harrell & Van Hook, LaFollette, for plaintiff-appellee.

## OPINION

DROWOTA, Justice.

The Defendants-Appellants, Morgan County Board of School Commissioners, seek review in this Court of the Chancellor's decision pursuant to T.C.A. § 49-5-513(i). The primary issue on appeal is whether a tenured teacher loses tenure rights as a result of being popularly elected to the office of school superintendent. Plaintiff contends that the office of school superintendent is a tenured position under the Teacher's Tenure Act. Defendants contend that a teacher who is popularly elected to the office of school superintendent loses tenure rights.

Plaintiff-Appellee, Roy Jones, was a permanently tenured teacher with the Morgan County School System, prior to his popular election on August 7, 1980, as Superintendent of the Morgan County Schools. He was employed in 1970 and served continuously in the school system until his election in August, 1980. Plaintiff was defeated for re-election as Superintendent in August 1984. Immediately after the expiration of his term of office on September 1, 1984, he sought to be reassigned to a teaching position in the Morgan County School System. Plaintiff was not reinstated by the Defendants to a teaching position. On September 14, 1984, Plaintiff gave Defendants written notice pursuant to T.C.A. § 49-5-512 requesting a hearing. On October 4, 1984, Defendants granted Plaintiff a hearing. Defendants subsequently refused to reinstate Plaintiff on the grounds that he lost his tenure status when he was popularly elected to the office of School Superintendent, absent a properly filed and accepted application for leave of absence or notice of resignation prior to taking office in 1980. Plaintiff then filed suit on October 12, 1984, pursuant to T.C.A. § 49-5-513, alleging that he had retained his tenure rights during his term as Superintendent of Schools, and he should be reinstated and also recover back pay as a result of the Defendants' refusal to reinstate him.

After a hearing on the merits in May 1986, the Chancellor filed a memorandum opinion in which he found "that the Plaintiff retained the status of permanent tenure, is entitled to reinstatement as a teacher or principal in the Morgan County Schools, and is entitled to recover all back salary and benefits which he would have received if properly re-employed by the Board."

It should be pointed out that no allegation of misconduct on the part of Plaintiff has ever been made. Defendants' refusal to reinstate Plaintiff was based on the theory that Plaintiff lost his tenure status when he was popularly elected to the office of School Superintendent. It is uncontroverted that Plaintiff had achieved "permanent tenure" prior to his election in 1980. Plaintiff had complied with T.C.A. § 49-5-503(1).

In *State ex rel. Stewart v. Lunsford,* 207 Tenn. 33, 336 S.W.2d 20 (1960), Stewart, unlike Plaintiff Jones in the case at bar, did not hold tenure status prior to his election by popular vote to the position of Superintendent of Schools. He served a four-year term as Superintendent and was then defeated for re-election. After his defeat, he made application for a teaching position in the county, but was not re-employed by the Board of Education. Justice Burnett, speaking for this Court, held that Stewart "has completed the probationary period under the terms of the Act[1] by serving as superintendent for this [four-year] period,

---

1. The Act, T.C.A. § 49-5-503, sets out the four prerequisites for "permanent tenure." One must have a degree from an approved four-year college; must hold a valid professional certificate based on training covering the subjects or grades he is going to teach; must have completed a *probationary period of three school years,* or not less than twenty-seven months of teaching within the last five-year period, and the last year to be employed as a regular teacher; and, must be re-employed by the board for service after the probationary period.

but he has not complied with the latter provision of this permanent tenure status, that is, he has not been 're-employed by the board for service after the probationary period.'" 336 S.W.2d at 21. Stewart had complied with the first three conditions to obtain permanent tenure, but had not been re-employed or retained in the system and thus was not entitled to tenure status. *See* T.C.A. § 49–5–504(b).

In the case at bar, Plaintiff Jones already had "permanent tenure" status, having previously complied with all the essential pre-requisites set out in T.C.A. § 49–5–503(1). Did Jones lose his tenure rights as a result of being elected Superintendent? From our reading of *Lunsford*, it would appear that he did not. This Court held in *Lunsford* that Plaintiff Stewart had completed his three-year probationary period under the terms of the Act while serving as Superintendent of Schools. Plaintiff argues that to adopt the Defendants' position that any teacher who is elected as Superintendent loses his tenure status would defeat the purpose of having qualified persons run for the office of School Superintendent. Such a position would inhibit qualified teachers from running for Superintendent because they could lose their tenure.

■ We are of the opinion that Plaintiff continued to be covered and protected by the Teacher Tenure Act during his term as Superintendent of Schools of Morgan County. Having retained his tenure status while Superintendent, it was unnecessary for him to file an application for leave of absence or notice of resignation at the time of his election as Superintendent. A leave of absence or resignation is only required when a tenured teacher leaves the school system. *See* T.C.A. § 49–5–702 and § 49–5–411. Plaintiff did not resign from the school system in 1980, nor did he take a leave of absence. Plaintiff merely transferred from one tenured position to another tenured position within the Morgan County School System.

■ It should be noted that the preservation of Plaintiff's tenure statute does not require the Board to rehire the Plaintiff.

But it does give the Plaintiff priority over others lacking tenure or qualifications for a position in the school system. In this case, the parties stipulated that there had been at least one individual hired by the Board ahead of Plaintiff who lacked the qualifications and status of the Plaintiff. Therefore, Plaintiff must be reinstated to the position of a teacher in the Morgan County School System.

T.C.A. § 49–5–511(a)(3) provides:
"that if the teacher is vindicated or reinstated, he shall be paid the full salary for the period during which he was suspended."

This statute is very specific. Plaintiff is entitled to full back pay at the rate of a teacher's salary.

■ Defendants cite *State ex rel. Chapdelaine v. Torrence*, 532 S.W.2d 542, 550 (Tenn.1976), for the proposition that "the measure of damages for the breach of an employment contract is what would have come to Plaintiff had the contract not been breached, less what he earned, or might have earned, in some other employment, by the exercise of reasonable diligence." We are of the opinion that no offset should be allowed. *Chapdelaine* arose under the College and University Teacher's Tenure Law, T.C.A. § 49–1421, et seq., which has since been repealed. *Chapdelaine* is inapplicable to a tenured teacher holding special protected status by virtue of T.C.A. § 49–5–511(a).

The judgment of the Chancellor is affirmed and the cause remanded to the Chancery Court of Morgan County for a determination of the amount of backpay to which Plaintiff may be entitled. The costs of this cause are taxed to the Defendants.

BROCK, C.J., FONES and HARBISON, JJ., and FRANKS, Special Judge, concur.