K. Lynn BATES, Appellee,

v.

Edsel DEAL, et al., Appellant.

Supreme Court of Tennessee,
at Knoxville.

April 6, 1987.

Paul H. Dietrich, Dietrich & Dietrich, Cleveland, for appellant.

Roger E. Jenne, Jenne, Scott & Sellers, Cleveland, for appellee.

## OPINION

FONES, Justice.

Plaintiff Bates was a tenured teacher and principal in the Polk County School System until 1983 when he was dismissed by the Board of Education of that County. The chancellor reinstated him as a tenured teacher, but also found that the Board of Education was justified in removing him as a principal and suspending him without pay.

Both parties appealed to this Court. We filed an opinion on December 16, 1985, affirming the trial court's decision to reinstate Bates as a tenured teacher and reversing the judgment that Bates was not entitled to back pay, citing T.C.A. § 49–5–511 providing that a suspended tenured teacher, if vindicated or reinstated, is entitled to "full salary" for the period of suspension. The case was remanded to the trial court to fix the amount of salary during the period of Bates' suspension.

Upon remand, the Board of Education insisted it was entitled to offset Bates' full salary by the amount he had earned or could have earned during the period of suspension. The trial court held that the Board was not entitled to an offset, refused to allow the proof offered by the Board and rendered judgment for the full salary due Bates with interest.

The case is before us for the second time upon the appeal of the Board of Education insisting that the trial judge was in error.

The Court has recently decided this identical issue in the case of *Jones v. Roger Brown,* released for publication on the 30th day of March 1987, and reported in 727 S.W.2d 497 (Tenn.1987), wherein we held that the mandate of the statute entitled the reinstated tenured teacher to full back pay with no offset allowed.

Affirmed and remanded for enforcement. Costs are adjudged against the defendant.

BROCK, C.J., HARBISON and DROWOTA, JJ., and FRANKS, Special Justice, concur.