**Michael REEVES, Plaintiff/Appellant,**

**v.**

**ETOWAH CITY SCHOOL BOARD OF EDUCATION, Malcom Galloway, Chairman, and Joann Parker, Member of the Etowah City School Board, Defendants/Appellees.**

Supreme Court of Tennessee,
at Knoxville.

March 18, 1991.

Joseph F. Rosenberg, Nashville, for appellant.

William P. Biddle, III, Athens, for appellee.

## OPINION

ANDERSON, Justice.

The issue for review in this direct appeal is whether the superintendent of the Etowah City School System ever attained permanent teacher tenure status under the

Teachers' Tenure Act. The Chancellor held the superintendent had not been reemployed by the school board after the probationary period, as required under the Act, and accordingly he had not attained permanent tenure status.

We disagree with the Chancellor that the superintendent had not been reemployed by the School Board after the probationary period, but affirm the holding that the superintendent is not entitled to permanent tenure, because he failed to comply with that part of the Act—Tenn.Code Ann. § 49-5-504(b)—which required that he notify the board prior to his reemployment that if retained, he would acquire tenure status.

## FACTS

Michael Reeves ("Reeves") has a Bachelor's and a Master's Degree from the University of Tennessee. He had been a classroom teacher for seven and one-half years prior to his being hired by the Etowah City School Board of Education ("Board") as superintendent and principal in 1979. He entered into a six-year contract in 1983 to perform the duties of superintendent/principal in the Etowah City School System until 1989. The contract provided he could be terminated for causes specified in the tenure statute and was entitled "to the *same* due process rights provided for teachers in Tenn.Code Ann. § 49-1412—§ 49-1417 [§ 49-5-511—§ 49-5-513] prior to his termination...." The contract was amended in 1986 to provide that Reeves would serve as superintendent only and not as principal.

Reeves was terminated as superintendent by a two-to-one vote of the Board in May of 1988, following a hearing on formal charges placed against him. Reeves appealed to the Chancery Court. The Chancellor found the evidence was insufficient to support the dismissal, and ordered Reeves' reinstatement for the term of the six-year contract, together with back pay. Reeves moved to amend the final judgment to be reinstated to all tenure rights as superintendent, principal, and teacher. The Chancellor found that Reeves never attained permanent teacher tenure status,

holding "he was never reemployed by the school board for service after the probationary period," as required by Tennessee Code Annotated § 49-5-504(b). The Chancellor rejected the contention of Reeves that he had complied by being employed under a written contract as superintendent and principal in 1983.

It is conceded by all parties that Reeves never taught in the classroom during the period of his service with the Etowah School System from 1979 to his discharge in May of 1988. Other than Reeves' contract itself, there was no proof that the Board was notified by Reeves that if reemployed, he would attain tenure status when the contract was executed.

## THE TEACHERS' TENURE ACT

The sole issue on appeal is whether Superintendent Reeves is entitled to permanent tenure status under the teacher tenure statutes. The Teachers' Tenure Act establishes four prerequisites to the attainment of permanent tenure:

(2) "Permanent tenure" applies to any teacher who:

(A) Has a degree from an approved four-year college or to any vocational teacher who has the equivalent amount of training established and licensed by the state board of education;

(B) Holds a valid professional license based on training covering the subjects or grades he is teaching;

(C) Has completed a probationary period of three (3) school years or not less than twenty-seven (27) months within the last five-year period, the last year to be employed as a regular teacher;

(D) Is reemployed by the board for service after the probationary period.

Tenn.Code Ann. § 49-5-503(2)(A), (B), (C), and (D).

Reeves argues that although he never taught in the classroom for the Etowah School System, he became tenured as a teacher because Tenn.Code Ann.

§ 49–5–501(10)[1] defines "teacher" as including superintendents. He contends that since he was employed with the school system continuously since 1979 as a superintendent/principal, since he had served his probationary period of three years before he executed the six-year contract with the Board in 1983, and since the Board reemployed him in the system after his probationary period, he has complied with the provisions of Tenn.Code Ann. § 49–5–503(2)(C) and (D). Moreover, he argues that the contract provided notice to the Board that he would acquire permanent tenure status when he was reemployed under the contract.

The Board, on the other hand, argues that Reeves never became tenured for several reasons: First, the Teachers' Tenure Act does not apply to a superintendent who never taught in a classroom while in the employ of the Board, and even if it does, Reeves was not granted tenure by the Board. Secondly, the contract entered into between the parties clearly indicates that neither Reeves nor the Board considered him to have tenure because of his previous service as superintendent. The contract provided that in the event of termination, Reeves was entitled to the same due process rights provided for teachers under Tennessee law, and, the Board argues, there was no reason to put such provisions in the contract if, in fact, Reeves was going to obtain tenure status by reason of his reemployment through the contract. Therefore, the Board argues, the intent expressed in the 1983 contract is contrary to Reeves' theory that his reemployment automatically conferred tenure status.

Finally, the Board argues that under Tenn.Code Ann. § 49–5–504(b), the superintendent, upon completion of the probationary period, must notify the Board prior to reemployment that the teacher, if reemployed, will obtain tenure status. After that notice occurs, then there must be reemployment by the Board for service after the probationary period. The Board contends there is no proof in the record of notification by the superintendent that if he was reemployed, he would have tenure status, or that the Board reemployed him with knowledge that his contract would give him such status under the tenure law.

■ We disagree with the Board's argument that the superintendent must serve his probationary period as a classroom teacher. It is clear under the authority of *Stewart v. Lunsford,* 207 Tenn. 33, 336 S.W.2d 20 (1960), that a superintendent may complete the three-year probationary period required by the Teachers' Tenure Act by serving as a superintendent and not as a classroom teacher. *See also Jones v. Brown,* 727 S.W.2d 497 (Tenn.1987). Therefore, we hold that Reeves had completed the probationary period required under the Act by his service for four years as a superintendent/principal.

Accordingly, the determinative issue in this case becomes whether the superintendent notified the Board after completion of the probationary period that if reemployed, he would have tenure.

■ The language and purpose of the statute are clear:

> (b) Upon completion of the probationary period, any teacher who is reemployed or retained in the system is entitled to the tenure status for which he is qualified by college training and licensing; *provided that the superintendent shall notify the board prior to reelection by the board that the teacher, if reelected, will attain tenure status.*

Tenn.Code Ann. § 49–5–504(b) (emphasis added).

In *Sanders v. Vinson,* 558 S.W.2d 838 (Tenn.1977), we commented on this section of the statute: "The sole, and we think self-evident, purpose of this proviso is to insure that the board knows that re-employment will confer tenure." *Id.* at 843. The *Sanders* Court also made it clear that "[t]he conference of tenurial status is de-

---

**1.** (10) "Teacher" includes teachers, supervisors, principals, superintendents and all other certificated personnel employed by any local board of education, for service in public, elementary and secondary schools in Tennessee, supported in whole or in part by state or federal funds;

Tenn.Code Ann. § 49–5–501(10).

pendent not only upon service but also upon affirmative action by the Board of Education," and that the completion of the probationary period by a teacher "does *not* automatically confer permanent tenure. It merely is a condition precedent to *eligibility* for tenure." (Emphasis in original.)

Our review of findings of fact by the trial court is *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. Tenn.Code Ann. § 49–5–513(i); Tenn.R.App.P. 13(d). There is no proof in the record of the notification required by the statute. Reeves did not so testify. Nor is there proof that the Board knew that he would acquire tenure if they executed the 1983 contract. Reeves argues the contract executed by the Board evidenced their knowledge that tenure was being conferred and that a specific notice was not required. Specifically, Reeves contends that the contract language which provided him the same due process rights as teachers under the statutory law demonstrated the Board's knowledge. However, the contract provided only a six-year term and clearly did not contemplate permanent status. The contractual provisions contradict Reeves' contention that permanent tenure was to be attained by the execution of the contract. We conclude that the preponderance of evidence indicates the Board had no notice that Reeves would acquire permanent tenure status when they executed his 1983 contract.

### CONCLUSION

■ We find that Reeves had served the required statutory probationary period and was reemployed by the Board for service after the probationary period, as required by the statute; but we also find that he did not notify the Board at the time of the execution of the 1983 contract that he would attain permanent tenure status, nor did the Board have knowledge that he would attain such status. We hold that Tenn.Code Ann. § 49–5–504(b), which requires notice by the superintendent, is a limitation on Tenn.Code Ann. § 49–5–503(2)(D), which grants permanent

tenure status when a teacher is reemployed after the probationary period.

Accordingly, we affirm the holding of the Chancellor that the appellant Reeves did not achieve permanent tenure status under the Teachers' Tenure Act. Costs are assessed to the appellant.

DROWOTA, O'BRIEN and DAUGHTREY, JJ., and TIPTON, Special Judge, concur.