## IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

FILED

August 6, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| RICKY H. DEBORD, | ) | BLEDSOE CHANCERY |
| | ) | |
| Plaintiff/Appellant | ) | NO. 03A01-9801-CH-00009 |
| | ) | |
| v. | ) | HON. JOHN W. ROLLINS |
| | ) | JUDGE |
| THE BLEDSOE COUNTY BOARD | ) | |
| OF EDUCATION and THAD R. | ) | |
| COLVARD, Superintendent of | ) | |
| BLEDSOE COUNTY SCHOOLS, | ) | AFFIRMED |
| | ) | |
| Defendants/Appellees | ) | |

Charles Hampton White and Rebecca Wells Demaree, Nashville, for Appellant.
Stephen T. Greer and Russell Anne Swafford, Dunlap, for Appellees.

## O P I N I O N

INMAN, Senior Judge

The plaintiff challenged his dismissal as a teacher in the Bledsoe County School System, claiming that he attained tenure status on August 7, 1995 when the Board of Education re-elected him for the 1995-96 school year, thereby according him tenure, since it was his fourth year of service, all as provided by T.C.A. § 49-5-501, *et seq.*

He alleged that one week later, on August 15, 1995, the Board convened a specially-called meeting and one of its members, Alfred Terry, attempted to change his vote to "No," and that Superintendent Colvard on the same day advised him by letter that the Board "had rescinded its prior action."

The plaintiff alleged that the August 15, 1995 action was a nullity and a breach of his contract of employment, that as a tenured teacher he could not be dismissed except for statutory cause, that he was prepared to teach at the school

to which he had been assigned, and that he was entitled to be restored to his position as a classroom teacher and to be made whole for his monetary losses.

The Board admitted that at a scheduled meeting on August 7, 1995, it voted to re-hire the plaintiff as a teacher at the Rigsby Elementary School and the Mary V. Wheeler Elementary School for the 1995-96 school year, but alleged that "it voted to rescind the previous action" on August 15, 1995 before the plaintiff assumed any duties for the upcoming school year.

Both defendants allege that before the August 7, 1995 meeting of the Board the Superintendent "had not recommended" that the plaintiff be re-hired, and that the Board had not been notified by the Superintendent that the plaintiff, if rehired, would attain tenure status, as required by T.C.A. § 49-5-504(b).

The Chancellor made these findings:

1.    The plaintiff Ricky Debord was a physical education teacher employed by the Bledsoe County Board of Education during the 1992-93, 1993-94 and 1994-95 school years.

2.    At the regularly scheduled Board meeting in April of 1995 the Board did not re-elect Debord to a position in the Bledsoe County School system for the 1995-96 school year, and written notice of his non-rehire was sent to and received by him before April 15, 1995.

3.    At the Board's regularly scheduled meeting on August 7, 1995, a motion was made by Board member Wanda Redwine and duly seconded to hire Debord for the 1995-96 school year. The Board was not advised by Superintendent Colvard that Debord would acquire tenure if hired. The Board then voted on Redwine's motion and the motion passed by a vote of 5 to 4.

4.    One week later, at a specifically called Board meeting on August 14, 1995, Board member Alfred Terry rescinded his vote on Rick Debord from yes to no without objection from and by consent of the Board.

5.    On August 15, 1995, Superintendent Thad R. Colvard sent a letter to Rick Debord informing him that the Board had rescinded its vote and that he would not be employed by the Bledsoe County Board of Education for the 1995-96 school year.

6.    On August 16, 1995, Debord showed up for the first day of in-service for school employees. At the beginning of the in-service, Debord was informed by Superintendent Colvard that the Board had rescinded its

2

vote and that he would not be employed for the 1995-96 school year. Debord advised Superintendent Colvard that he was aware of the action of the Board, but that he had been advised by his attorney to show up for the first day of in-service. Debord then left the in-service.

7.    Before a teacher may be conferred tenure status, T.C.A. § 49-5-504(6) imposes a mandatory duty on the Superintendent to inform a Board prior to a re-election vote that their vote will grant tenure to the subject teacher. As Superintendent Colvard did not so inform the Bledsoe County Board of Education at the time of their August 7, 1995 vote to rehire Rick Debord, tenure was not conferred upon Debord by that vote.

8.    However, the Court finds that Debord and the Board entered into a one year contract of employment for the 1995-96 school year, that Debord began work and relied on the contract, and therefore, he is entitled to all of the rights he would have been afforded under that one year contract as a teacher in Bledsoe County School System.

The plaintiff appeals and presents for review the issue of whether the August 7,1995 vote conferred tenure. The defendants present for review the issue of whether the Court erred in holding that the "plaintiff was granted a one-year contract."

Our review of the findings of fact made by the trial Court is *de novo* upon the record of the trial Court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. TENN. R. APP. P., RULE 13(d); *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26 (Tenn. 1996). Where there is no conflict in the evidence as to any material fact, the question on appeal is one of law, and the scope of review is *de novo* with no presumption of correctness accompanying a chancellor's conclusions of law. *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87 (Tenn. 1993).

At the August 7, 1995 regular meeting, eight members were present. Various actions were taken involving the election and transfer of teachers, one of whom was the plaintiff, who was hired as a teacher for the 1995-96 school year by a vote of five to three.

At the August 14, 1995 meeting, seven members were present.[1] Two teachers were hired pursuant to motions made and seconded. Thence follows this minute entry:

"Terry rescinds vote on Ricky Debord and changes vote to No."[2]

The following day Superintendent Colvard by letter to the plaintiff advised him,

"The Bledsoe County Board of Education took action to hire you for the 1995-96 school year at the August 7, 1995 regular meeting. I regret to inform you that the action taken on August 7, 1995 was rescinded at a meeting held on August 14, 1995."

We concur in the Chancellor's findings of fact, and in his conclusion of law that T.C.A. § 49-5-504(6) imposes a mandatory duty on the Superintendent to inform the Board before a re-election vote that their vote will grant tenure. *Reeves v. Etowah City Board of Education,* 806 S.W.2d 176 (Tenn. 1991) leaves no room for doubt that the statute means what it says. It is not controverted that Superintendent Colvard failed to abide his duty to the Board, notwithstanding that he admitted his awareness of the requirement, but his dereliction cannot negate the requirement. The plaintiff could not acquire tenure under these circumstances.

We further concur in the Chancellor's finding that the August 7, 1995 action constituted a contract between the plaintiff and the Board for a one-year term. While the Chancellor did not address the issue of the validity of the attempt by member Terry to change his vote at a called meeting one week later, we think that the action was a complete nullity.

---

[1] Linda Redwine, who made the motion at the August 7, 1995 meeting to hire the plaintiff, was absent.

[2] An agenda for the August 7, 1995 meeting was furnished the board members on August 1, 1995. There was no agenda for the August 14, 1995 meeting.

4

The plaintiff does not address the legal propriety of the attempted 'rescission,'[3] being content to argue that the matter was settled at the August 7, 1995 meeting and that any action to dispossess him must conform to the requirements of due process and in accordance with the statutory procedures for notice of changes with an opportunity to be heard. We do not believe it necessary to delve that far into the issue. So far as the record reveals, member Terry merely stated, a week after he cast his vote, that he was rescinding it. There was no agenda, no notice, no motion, no discussion, no effort to follow rules of order, and we hold the purported 'rescission' was ineffective for any purpose. The minutes do not reveal whether other members were given the opportunity to vote again, although the record reflects that none of them objected to the announcement of Mr. Terry that he was changing his vote. Whether the Board had adopted by-laws for its procedural governance does not appear; whether it had adopted formal or informal rules of order likewise does not appear in the record. As the minutes of the August 24 meeting reflect, after two transfers had been hired, Mr. Terry simply stated that he was rescinding his yes vote on Debord and voting, No.

It is no part of our duty to prescribe appropriate rules for the transaction of business by the Boards of this State; we are content to hold that the attempt by member Terry to change his vote in the matter shown was a nullity. Ordinarily, any *action taken by the Board may be rescinded* by a majority vote, if rights have not attached;[4] here, there was no motion to rescind the action taken at the August 7, 1995 meeting. Given the circumstances, if member Terry

---

[3] An attempt by a member to change his vote. It was not a rescission in legal contemplation.

[4] See, Roberts Rules of Order, Revised, sect. 37.

could lawfully change his vote one week after casting it, he could change it one month or one year afterward.

Moreover, we note that although the minutes reflect only that member Terry changed his vote from *yes* to *no*, the Superintendent informed the plaintiff "that the action taken on August 7, 1995 was rescinded at a meeting held on August 14, 1995." The minutes do not reflect this fact; there was no motion made to rescind the Board's action in hiring the plaintiff, and the Board did not rescind its action. The Superintendent apparently mistakenly assumed that the mere statement of member Terry that he was changing his vote was a rescission of the earlier action.

Finally, we think the Chancellor's finding that the plaintiff accepted the contract tendered to him on August 7, 1995 is supported by a preponderance of the evidence. We concur in the findings that the plaintiff acted in reliance upon the contract by entering upon his duties immediately upon being hired.

The judgment is affirmed at the costs of the parties evenly.


_____
William H. Inman, Senior Judge

CONCUR:


_____
Houston M. Goddard, Presiding Judge


_____
Charles D. Susano, Jr., Judge