CATHY P. SPRAYBERRY-GRAVITT,  )
                        )
      Plaintiff/Appellant,  )    Appeal No.
                        )    01-A-01-9707-CH-00295
v.                        )
                        )    Montgomery Chancery
DAVID BAKER, Director of Schools for the  )    No. 95-08-0143
CLARKSVILLE-MONTGOMERY COUNTY  )
SCHOOLS and THE CLARKSVILLE-  )
MONTGOMERY COUNTY BOARD OF  )
EDUCATION,  )
                        )
      Defendants/Appellees.  )
                        )

**FILED**

**April 24, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

## COURT OF APPEALS OF TENNESSEE

## APPEAL FROM THE CHANCERY COURT FOR MONTGOMERY COUNTY

## AT CLARKSVILLE, TENNESSEE

## THE HONORABLE CAROL CATALANO, CHANCELLOR

CHARLES HAMPTON WHITE
RICHARD L. COLBERT
KURTIS J. WINSTEAD
Cornelius & Collins
Suite 2700, Nashville City Center
511 Union Street
P. O. Box 190695
Nashville, Tennessee  37219
    ATTORNEYS FOR PLAINTIFF/APPELLANT

RICHARD H. BATSON
SUZANNE M. PEARSON
Batson, Nolan, Brice,
 Harvey & Williamson
121 South Third Street
Clarksville, Tennessee  37040
    ATTORNEYS FOR DEFENDANTS/APPELLEES

## VACATED AND REMANDED

## WALTER W. BUSSART, SPECIAL JUDGE

# OPINION

This is a teacher tenure case wherein the plaintiff teacher challenged her dismissal from a teacher position in the Clarksville-Montgomery County School System ("the school system") on the basis that she had attained permanent tenure status under the provisions of the Tennessee Teacher Tenure Act. Tenn. Code Ann. § 49-5-501 to 49-5-515. Finding that the plaintiff had not attained tenure, the trial court summarily dismissed her case. On appeal, we determine that there remain genuine issues of material fact to be resolved by the court below. Accordingly, we vacate the trial court's judgment and remand this case to the trial court for further proceedings.

## I. PROCEDURAL HISTORY

This action began when Plaintiff, Cathy Sprayberry-Gravitt, filed a complaint in the trial court alleging a violation of her rights as a tenured teacher and seeking reinstatement to her position. Defendants answered contending that Plaintiff never attained tenure status and therefore had no rights under the Tenure Act. Defendants filed a motion for summary judgment supported by the affidavits of Marilyn Garrett, a secretary for the Clarksville-Montgomery County Board of Education ("the Board of Education" or "the Board") and David Baker, the school superintendent. Plaintiff then filed a cross motion for summary judgment supported by the deposition of Superintendent Baker and Defendants' responses to Ms. Sprayberry-Gravitt's first interrogatories and request for production of documents. The cross motions for summary judgment were argued and the chancellor entered judgment granting Defendants' motion for summary judgment and denying Plaintiff's motion for summary judgment, thus dismissing Plaintiff's case. The chancellor concluded, as a matter of law, that Plaintiff's case should be dismissed since she did not hold permanent tenure pursuant to the statute. A proper appeal was filed in this court. The record consists of the pleadings with affidavits attached to the motions for summary judgment and the deposition of Superintendent Baker.

## II. FACTS

Plaintiff holds a Bachelor of Science degree from Carson-Newman College and is certified to teach elementary grades 1-8 and special education in the public

schools of Tennessee. The Board of Education elected her as a teacher in that school system and assigned her as a full-time resource teacher for the 1990-91 school year. The Board re-elected her for the 1991-92 and 1992-93 school years and she continued to teach all three years at Clarksville High School as a regular, full-time teacher.

During Plaintiff's first year she received her apprentice level teaching certificate upon recommendation by her principal and superintendent and approval of the Board. In the 1992-93 school year, she was recommended and approved by Superintendent Baker for re-employment as a supplemental homebound teacher in addition to her full-time teaching position. At the end of the 1992-93 school year, Plaintiff completed her three year probationary period required by Tennessee Code Annotated section 49-5-504. The Board of Education voted not to renew her regular full-time contract for the 1993-94 school year. However, Plaintiff continued in part-time employment as a supplemental homebound teacher and as a substitute teacher for the school system during the 1993-94 school year.

Effective August 15, 1994, Ms. Sprayberry-Gravitt was re-employed and assigned to a regular, full-time teaching position at New Providence Middle School for the 1994-95 school year. Superintendent Baker was aware, prior to Plaintiff's effective date of re-employment, that she complied with all the requirements for tenure except re-hire by the Board of Education. Plaintiff was included on a list entitled "Personnel Actions Approved by Director of School July 1994" as "recommended for employment." This listing was submitted to the Board of Education and included information concerning her "three years teaching experience."

During her fourth year of regular full-time service, Ms. Sprayberry-Gravitt was recommended and approved by her principal, the superintendent, and the Board of Education for career ladder certification. Nevertheless, on March 30, 1996, Superintendent Baker notified Plaintiff that her contract would not be renewed for the 1995-96 school year. Plaintiff thus contends that she was terminated without charges or an opportunity for a hearing as required by the Tennessee Teacher Tenure Act. Defendants contend that she never attained tenure and therefore is not so entitled.

-3-

### III. PLAINTIFF'S TENURE STATUS

Since this case is here on the granting of a motion for summary judgment on behalf of Defendants, we are to determine whether or not there are genuine issues of material facts as to whether or not Plaintiff held tenure under the Tennessee Teacher Tenure Act at the time of her dismissal. Tenn. R. Civ. P. 56.03; *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). Both parties contend there are no such issues of fact but, of course, each maintains a strikingly different position with regard to Plaintiff's status.

Regarding a teacher's obtaining permanent tenure, Tennessee Code Annotated section 49-5-503 provides as follows:

> (2) "Permanent tenure" applies to any teacher who:
> (A)   Has a degree from an approved four-year college or to any vocational teacher who has the equivalent amount of training established and licensed by the state board of education;
> (B)   Holds a valid professional license based on training covering the subjects or grades taught;
> (C)   Has completed a probationary period of three (3) school years or not less than twenty-seven (27) months within the last five-year period, the last year to be employed as a regular teacher; and
> (D)   Is reemployed by the board for service after the probationary period.

It is clear from this record, and not disputed by the parties, that Plaintiff met each one of these four requirements. On the other hand, it is the application of Tennessee Code Annotated section 49-5-504(b) which is at issue here. That statute provides the following:

> (b) Upon the completion of the probationary period, any teacher who is re-employed or retained in the system is entitled to the tenure status for which such teacher is qualified by college training and licensing; provided, that the superintendent shall notify the board prior to re-election by the board that the teacher, if re-elected, will attain tenure status.

To support their interpretation of section 49-5-504(b), Defendants rely on *Reeves v. Etowah City Sch. Bd. of Educ.*, 806 S.W.2d 176 (Tenn. 1991). In *Reeves*, the individual seeking the benefit of the entitlement to tenure was himself the superintendent of schools. In other words, the individual whose duty it was to notify

the Board under section 49-5-504(b) was himself seeking tenure status. On such facts the supreme court concluded that Reeves had not attained tenure status because of his failure to notify the Board. Plaintiff relies upon *Sanders v. Vincent*, 558 S.W.2d 838 (Tenn. 1977) and *Reed v. Washington County Bd. of Educ.*, 756 S.W.2d 250 (Tenn. 1988), for the proposition that recommendation of the superintendent is not necessary for the attainment of tenure and the only affirmative act that is necessary, after the completion of the probationary period, is simply the act of re-employment.

We believe it is clear that section 49-5-504(b) only requires notice that "re-hiring" will cause the teacher to "attain tenure status." There is not a requirement in that statute that the superintendent recommend the teacher for such status. It is important here that the affidavit of Superintendent Baker states that he never recommended her for tenure. This statement is irrelevant. Under the statute, the superintendent could fail to recommend a teacher but, at the same time, notify the Board that re-hiring her would cause her to attain tenure status and the Board could re-hire her causing such status to attach. In other words, the Board can re-employ a teacher without the superintendent's recommendation or over his objection.

Ms. Sprayberry-Gravitt was re-hired by Superintendent Baker in July 1994 and that action was reviewed by the Board of Education on August 9, 1994. It is unclear from this record what the action of the Board of Education was with regard to her re-hiring. It is clear that the notice presented to the Board contained the information that Plaintiff had completed three years of experience. However, the record does not reveal whether the Board was put on notice that Plaintiff, if re-elected, would attain tenure status. Without clarification of this fact, this court cannot determine whether the action of the Board was an affirmative action, with appropriate notification, for the re-hiring of this teacher. Therefore, it is our opinion that there remain genuine issues of material facts as to what information was conveyed to the Board of Education with regard to its action at any time following Plaintiff's completion of the qualifications for tenure.

For the foregoing reasons, the trial court's grant of summary judgment is vacated and this cause is remanded to that court for further proceedings. The costs of this appeal are taxed to the Defendants/Appellees.

_____
WALTER W. BUSSART, SPECIAL JUDGE

CONCUR:

_____
HENRY F. TODD, PRESIDING JUDGE

_____
BEN H. CANTRELL, JUDGE