Stuart **BOWDEN**

v.

**MEMPHIS BOARD OF EDUCATION.**

Supreme Court of Tennessee,
at Jackson.

Sept. 13, 2000.

---

Charles Hampton White, Richard L. Colbert, and Jay N. Chamness, Nashville, Tennessee, for the appellant, Stuart Bowden.

Ernest G. Kelly, Jr, Memphis, Tennessee, for the appellee, Memphis Board of Education.

## OPINION

E. RILEY ANDERSON, C.J., delivered the opinion of the court, in which ADOLPHO B. BIRCH, Jr., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

We granted this appeal to determine whether the appellant acquired permanent tenure where the superintendent of schools failed to notify the Board of Education that the appellant would attain tenure if reelected for a fourth year of employment. We conclude that if the superintendent fails to notify the Board pursuant to Tenn.Code Ann. § 49–5–504(b), permanent tenure is not attained. We therefore affirm the judgment of the Court of Appeals, which had upheld the trial court's summary judgment in favor of the Board.

We granted this appeal to determine whether a teacher acquired permanent tenure upon being reelected following a three-year probationary period pursuant to Tenn.Code Ann. § 49–5–503(2) (1996). The trial court granted summary judgment in favor of the appellee, Memphis Board of Education. The Court of Appeals affirmed.

We agree with the lower courts that the appellant did not acquire permanent tenure because the superintendent of schools failed to notify the Board of Education that the appellant would receive tenure if retained as required by Tenn.Code Ann. § 49–5–504(b). We therefore affirm the Court of Appeals' judgment.

### BACKGROUND

The appellant, Stuart Bowden, obtained a Bachelor of Science degree from Auburn University in 1984. He began teaching in the Memphis City School System on an out-of-state teaching license in 1987. Bowden was reelected for employment by the appellee, Memphis Board of Education, for both the 1988–89 and 1989–90 school years.

Bowden received his Tennessee teaching certificate, effective July 1989. At the end of the 1989–90 academic year, in July of 1990, the Board reelected Bowden for a fourth year of employment, i.e., the 1990–91 school year. It is undisputed that the superintendent of schools did not notify the Board that Bowden would obtain tenure if reelected for the 1990–91 academic year. In April of 1991, Bowden received a notice of non-reelection for the 1991–92 academic year.

Bowden filed a complaint against the Board. The claim asserted that Bowden attained permanent tenure upon his re-election for a fourth academic year as a teacher in July of 1990, and that his non-reelection in April of 1991 violated the Tennessee Teacher Tenure Act because he was not presented with written charges or given the opportunity for a hearing. The Board argued that Bowden did not attain permanent tenure because it had not been notified by the superintendent that Bowden would receive tenure if reelected in July of 1990.

Bowden and the Board each filed a motion for summary judgment. The trial court granted summary judgment in favor of the Board. The Court of Appeals affirmed. We granted Bowden's application for permission to appeal.

## ANALYSIS

### Standard of Review

■ A summary judgment should be granted when the moving party demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). In reviewing a motion for summary judgment, a court must consider the evidence and all reasonable inferences from the evidence in a light most favorable to the non-moving party. *Rice v. Sabir*, 979 S.W.2d 305, 309 (Tenn.1998).

■ On appeal, the review of a trial court's grant of a summary judgment presents a question of law. Our review is, therefore, *de novo*, with no presumption of correctness afforded to the trial court's determination. *Bain*, 936 S.W.2d at 622.

### Teacher Tenure Act

We begin our review of this question of law by reviewing the Tennessee Teacher Tenure Act. Tenn.Code Ann. § 49–5–501, *et seq* (1996). "Tenure" refers to the "statutory requirements, conditions, relations and provisions ..., under which a teacher employed by a Board holds a position as a teacher under the jurisdiction of the board." Tenn.Code Ann. § 49–5–501(11)(A) (1996). "Permanent tenure" refers to "a term and condition of tenure, extending from the time when the teacher acquires the status of permanent tenure until such time as the teacher arrives at the maximum age set forth in this part, resigns, retires or is dismissed under provisions of this part." Tenn.Code Ann. § 49–5–501(11)(C) (1996).

The Act establishes four prerequisites to the attainment of permanent tenure, as follows:

(2) "Permanent tenure" applies to any teacher who:

(A) Has a degree from an approved four-year college or to any vocational teacher who has the equivalent amount of training established and licensed by the state board of education;

(B) Holds a valid professional license based on training covering the subjects or grades taught;

(C) Has completed a probationary period of three (3) school years or not less than twenty-seven (27) months within the last five-year period, the last year to be employed as a regular teacher; and

(D) Is reemployed by the board for service after the probationary period.

Tenn.Code Ann. § 49–5–503(2)(A)–(D) (1996).

■ Bowden asserts that these prerequisites were met when he was reelected

after serving his three-year probationary period and that he was entitled to permanent tenure. The Board, however, argues that Bowden did not attain permanent tenure because the superintendent of schools did not provide the statutory notice required by Tenn.Code Ann. § 49–5–504(b):

> Upon completion of the probationary period, any teacher who is reemployed or retained in the system is entitled to the tenure status for which such teacher is qualified by college training and licensing; *provided, that the superintendent shall notify the board prior to reelection by the board that the teacher, if reelected, will attain tenure status.*

(Emphasis added). Bowden contends that Tenn.Code Ann. § 49–5–504(b) is not a condition to attaining tenure because it would allow the tenure decision to be subject to the superintendent's discretion, negligence, or dereliction of duty.

The question presented, therefore, is whether notification by the superintendent under Tenn.Code Ann. § 49–5–504(b) is required before a teacher attains permanent tenure, even when the teacher has satisfied the provisions set forth in Tenn. Code Ann. § 49–5–503(2)(A)–(D).

A basic principle of statutory construction is to ascertain and give effect to legislative intent without unduly restricting or expanding the intended scope of a statute. *Parks v. Tennessee Mun. League Risk Management Pool,* 974 S.W.2d 677, 679 (Tenn.1998). This means that the Court must examine the language of a statute and, if unambiguous, apply its ordinary and plain meaning. If the language is ambiguous, the Court must look to the statutory scheme as a whole, as well as legislative history, to discern its meaning. *Id.* at 679; *see also Riggs v. Burson,* 941 S.W.2d 44, 54 (Tenn.1997).

We have addressed the issue in this case on prior occasions. In *Sanders v. Vinson,* 558 S.W.2d 838, 843 (Tenn.1977), we examined Tenn.Code Ann. § 49–5–504(b) and concluded that the "sole, and … self evi-

dent, purpose of this proviso is to insure that the board knows that re-employment will confer tenure." We observed that "[t]he conference of tenurial status is dependent not only upon service but also upon affirmative action by the Board of Education." *Id.* at 842. We concluded that the completion of the probationary period by itself does not automatically confer permanent tenure, but rather, is "merely a condition precedent to *eligibility* for tenure." *Id.* at 842 (emphasis in original); *see also State v. Lunsford,* 207 Tenn. 33, 336 S.W.2d 20, 21 (1960).

Similarly, in *Reeves v. Etowah City Sch. Bd. of Educ.,* 806 S.W.2d 176 (Tenn.1991), the evidence indicated that Reeves, who was superintendent of schools, did not notify the Board that he would attain permanent tenure if the Board renewed his term. After examining the language and purpose of Tenn.Code Ann. § 49–5–504(b), as well as the *Sanders* decision, we held that "Tenn.Code Ann. § 49–5–504(b), which requires notice by the superintendent, *is a limitation on Tenn.Code Ann. § 49–5–503(2),* which grants permanent tenure status when a teacher is reemployed after the probationary period." *Id.* at 179 (emphasis added). We observed that there was no evidence in the record that Reeves had notified the Board in accordance with Tenn.Code Ann. § 49–5–504(b), and no evidence that the Board knew that Reeves would acquire tenure if his contract was renewed. We therefore affirmed the lower court's decision that Reeves had not attained permanent tenure. *Id.* at 179.

Despite our holdings in *Sanders* and *Reeves,* Bowden contends that Tenn.Code Ann. § 49–5–504(b) does not impose a condition upon attaining permanent tenure once the factors set forth in Tenn.Code Ann. § 49–5–503(2) have been satisfied. Bowden contends that such an interpretation extends too much authority to the superintendent and is inconsistent with the purpose of the tenure act. Bowden argues that *Reeves* should be limited to its unusual facts, in that it involved a superinten-

dent's failure to notify the Board of circumstances regarding his own tenure.

Bowden instead relies upon an earlier case, *Reed v. Washington County Bd. of Educ.*, 756 S.W.2d 250 (Tenn.1988). In *Reed*, a teacher was employed for three years and then transferred by the Board to a university school that operated as a joint venture with the Board under a separate contract. The teacher completed the probationary period at the university school, was employed for three years at the university beyond the probationary period, but then was not reelected. This Court concluded that the facts were "unique," that the teacher had attained permanent tenure by virtue of having been reelected for three years beyond the requisite probationary period by the joint affirmative action of the Board and the university, and that this joint action satisfied Tenn.Code Ann. § 49–5–503, which requires reemployment by the Board after the probationary period. *Id.* at 255.

Although Bowden interprets *Reed* as a case where permanent tenure was attained in the absence of the superintendent's requisite notice, our decision did not discuss Tenn.Code Ann. § 49–5–504(b) or its relation to Tenn.Code Ann. § 49–5–503(2). We therefore decline the invitation to apply *Reed* on this issue, given our decisions in *Sanders* and *Reeves*, which directly address the application and proper interpretation of Tenn.Code Ann. § 49–5–504(b). Our interpretation in these decisions was based on the plain language of Tenn.Code Ann. § 49–5–504(b), i.e., "provided, that the superintendent shall notify the board prior to reelection by the board that the teacher, if reelected, will attain tenure status." Were we to apply Bowden's interpretation, this language would, for all practical purposes, be rendered surplusage.

Accordingly, we conclude that *Reeves* controls in this case. Having so held, we observe that Bowden's policy concerns with respect to the negligence or dereliction of duty of a superintendent must be pursued outside the parameters of the tenure act, as the act itself does not address such circumstances. Public policy as it relates to education is a matter for the legislature.

## CONCLUSION

We conclude that Tenn.Code Ann. § 49–5–504(b), which requires notice by the superintendent, imposes a limit on Tenn.Code Ann. § 49–5–503(2), which governs permanent tenure. We therefore affirm the Court of Appeals' judgment that Bowden did not achieve permanent tenure status under the circumstances of this case and that, viewing the evidence under the appropriate standards, there is no genuine issue of material fact. Costs of the appeal are assessed against the appellant and his surety for which execution my issue if necessary.

DROWOTA, J., not participating.