**Joe D. PENNYCUFF, Plaintiff–Appellee,**

v.

**FENTRESS COUNTY BOARD OF EDUCATION; Homer Lee Linder, Jr., Superintendent of Fentress County Schools, Defendants–Appellants.**

No. 99–6367.

United States Court of Appeals, Sixth Circuit.

Aug. 21, 2001.

We therefore REVERSE the judgment of the district court and REMAND for the court to reconsider Pennycuff's motion for partial summary judgment in light of *Bow- . den.* The district court may also consider the arguments presented in Pennycuff's motion that are unrelated to the application of *Bowden.*

Before SUHRHEINRICH and SILER, Circuit Judges; HOOD, District Judge.*

PER CURIAM.

Defendants Fentress County Board of Education and Homer Lee Linder, Jr., Superintendent of Fentress County, Tennessee Schools, appeal the partial summary judgment granted to plaintiff Joe D. Pennycuff, finding that he had attained tenurial status prior to the termination of his employment by the Fentress County Board.

After the district court's grant of partial summary judgment, the Tennessee Supreme Court decided the issue of "whether notification by the superintendent under Tenn.Code Ann. § 49–5–504(b) is required before a teacher attains permanent tenure, even when the teacher has satisfied the provisions set forth in Tenn.Code Ann. § 49–5–503(2)(A)–(D)." *Bowden v. Memphis Bd. of Educ.*, 29 S.W.3d 462, 465 (Tenn.2000). The parties agree that the superintendent did not notify the Board with regard to the effect of Pennycuff's rehiring. Of course, the district court did not have the benefit of this opinion, which appears to control at least one of the issues presented here.