IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
On-Briefs August 24, 2004

## CLARENCE MUMFORD v. BOARD OF EDUCATION OF THE CITY OF MEMPHIS.

**A Direct Appeal from the Chancery Court for Shelby County**
**No. CH-02-1535-1     The Honorable Walter L. Evans, Chancellor**

_____

**No. W2004-01022-COA-R3-CV - Filed October 25, 2004**

_____

Board of Education of the City of Memphis suspended tenured teacher and assistant principal without pay pending an investigation of child abuse by the Department of Children's Services. After teacher was reinstated, he sought to recover lost wages under T.C.A. §49-5-511. Trial court found that teacher was entitled to recover but that such recovery should be offset by wages earned during the period of suspension. We affirm as modified herein.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed as Modified**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Leonard E. Van Eaton of Memphis, For Appellant, Clarence Mumford

Ernest G. Kelly of Memphis, For Appellee, Board of Education of the City of Memphis

### OPINION

The facts of this case are undisputed and the parties filed a "Joint Stipulation of Facts" on December 16, 2003. At the time the circumstances of this case arose, Clarence Mumford ("Mumford," "Plaintiff," or "Appellant") was employed as an Assistant Principal at Humes Junior High School in Memphis, Tennessee. On November 12, 1996, Mumford administered a paddling to one of his students. As a result of the paddling, the student allegedly suffered some bruising and the student's parents complained to the General Sessions Court of Shelby County. Mumford was summoned as a defendant and, following a hearing, the charges were dismissed and he resumed his duties as Assistant Principal. The parents of the student continued to pursue the matter and filed a complaint with the Department of Children's Services ("DCS"), alleging that Mumford was a perpetrator of child abuse. On April 15, 1997, the Board of Education of the City of Memphis

("Board," "Defendant," or "Appellee") received a letter from DCS, which reads, in relevant part, as follows:

> In accordance with State rule 1240-7-9-.09, DCS is notifying you that Clarence Mumford has been identified as the alleged perpetrator of child abuse in an indicated report that DCS has investigated. DCS has notified Mr. Mumford of the report and of the right to a hearing on the allegations. This information is confidential; therefore, you may not release it to anyone else.
>
> It is our understanding that Clarence Mumford is in a caretaker, supervisory instructional, or treatment role with your agency, which constitutes an emergency situation as described in DCS rules. You must take immediate action to ensure that Clarence Mumford has no access to or contact with any child in the care of your agency until further notice by DCS.
>
> If your agency does not take immediate action as described abo[ve], DCS will take action to suspend, revoke, or deny your agency's license, if licensed by DHS. If DHS does not license you[r] agency, it will pursue other action necessary pursuant to TCA 71-3-530 in order to protect the children in your organization's care (including seeking injunctive relief).
>
> DCS will notify you[r] agency in writing of the final decision on the case, whether that is by administrative hearing, court order, or waiver of due process rights by the alleged perpetrator.

On April 21, 1997, the Board, acting through its Personnel Division, relieved Mumford of his duties, without pay, while the matter was resolved between Mumford and DCS. Following notification of his suspension, Mumford contested the DCS ruling and was afforded a hearing before the Administrative Law Judge, who made a preliminary ruling that the claim of child abuse had not been proved. The Administrative Law Judge was overruled by DCS' Deputy Commissioner on March 23, 1998. Mumford appealed to the Chancery Court of Shelby County. On November 17, 1998, the trial court entered its Findings of Fact and Conclusions of Law, which overruled the action of the DCS Deputy Commissioner and reinstated the findings of the Administrative Law Judge. During the pendency of these appeals, Mumford procured employment with the Tunica County, Mississippi Board of Education. This employment was at a lower rate of pay than Mumford's salary with Memphis City Schools.

On February 12, 1999, the Board offered to reinstate Mumford. At that time, Mumford chose to finish the school year at Tunica. Consequently, the parties agreed that Mumford would limit any claim for back wages to the period ending on February 12, 1999. When Mumford made demand

for reimbursement for lost wages for the period of his suspension, the Board refused to pay. On August 13, 2002, Mumford filed a "Complaint to Recover Unpaid Wages." On February 11, 2003, the Board filed its Answer, in which it admits that the Board suspended Mumford from his position without pay, but denies liability for back pay under T.C.A. §49-5-511.

The parties' respective positions are set out in this "Joint Stipulation of Facts" as follows:

> 10. The Plaintiff seeks back pay and benefits in full for the entire time of his relief of duties from the Memphis City Schools system. He contends that his right to back wages and benefits is controlled by T.C.A. §49-5-511...and that this sum should not be diminished by offsetting his earnings at Tunica, Mississippi.... It is the contention of the Board of Education that it took no action against the Plaintiff other than action that was required of it by a state agency and that it should not be responsible for any losses resulting from the rejected charges brought by the parents and by the Department of Children's Services. It is the further position of the Board that, if any damages were to be awarded, it would be entitled to offset the earnings in Tunica for that entire period. The Defendant further contends that T.C.A. §49-5-511 is inapplicable to this situation in that there have been no proceedings under the tenure law and that this section does not apply under the pleadings and proof in this case. Defendant further contends that the current interpretation of T.C.A. §49-5-511, if it were deemed applicable to this case, is subject to review and reconsideration and should be changed to allow such offset.

> 11. It is the contention of the Plaintiff that the Department of Children's Services (DCS) acted pursuant to T.C.A. §71-3-530...which code section clearly provides that in the case of an agency not licensed by or subject to licensure through the DCS the department may proceed to bring an action in the chancery court to enjoin the person the department deems responsible for abuse from continuing to provide care for children. Plaintiff further contends that the Defendant is not licensed by the DCS and is not subject to licensure and removing Plaintiff from his position as assistant principal was not required by law and was a personnel management decision by Defendant.

This matter was heard on March 9, 2004. On April 2, 2004, a Final Judgment was entered, which reads, in pertinent part, as follows:

> ...[I]t appears to the Court that the Plaintiff, Clarence Mumford, is entitled to back wages for the 1997-98 school year in the

amount of $16,145.82 and for the 1998-99 school year in the amount of $8,715.64 for a total judgment of $24,861.46.

The Court finds that, under the circumstances of this case, the Plaintiff is not entitled to his further claims for summer work, vacation days, retirement contributions, or social security contributions but that all such claims, to the extent applicable, are included in the amount of the judgment set forth above. The Court further finds that, pursuant to the common law principles and principles of equity, the Defendant is entitled to offset the wages earned by the Plaintiff for the same time period while the Plaintiff was employed by...the Tunica, Mississippi School and that under the circumstances of this case, TCA 49-5-511 does not require the denial of such common law offset. The amount of the judgment as set out herein reflects this offset.

\*                                         \*                                         \*

Based on the foregoing, the Court enters Judgment in favor of the Plaintiff, Clarence Mumford, and against the Board of Education of the Memphis City Schools in the amount of $24,861.46....

Mumford appeals and raises two issues for review as stated in his brief:

I. Did the Chancellor err in ruling that although the Plaintiff is entitled to back wages for the 1997-98 and 1998-99 school [years] that T.C.A. §49-5-511 does not deny the Defendant the right to off-set against Plaintiff's lost wages the amounts that Plaintiff earned during that time period as an employee of the Tunica Mississippi School Systems.

II. Did the Chancellor err in denying the Plaintiff recovery of income he would have earned during the applicable time period for career ladder payments for summer work in the school system, vacation days, retirement contributions, and social security contributions due from the Defendant.

The Board raises the following additional issue in its brief: Whether a tenured teacher or assistant principal, who is barred from his duties as the result of a directive of a state agency, is entitled to recover back pay upon reinstatement.

The resolution of the issues in this case rests first on the question of whether T.C.A. §49-5-511 is applicable given the facts of this case and, if applicable, whether and to what extent Mumford is entitled to recover for lost wages during his suspension. Construction of a statute and application

of the law to the facts is a question of law for the court. ***See Sanifill of TN v. TN Solid Waste Disposal***, 907 S.W.2d 807, 810 (Tenn.1995). As such, our review of the trial court's order is ***de novo*** upon the record with no presumption of correctness accompanying the trial court's conclusions of law. ***See*** Tenn. R. App. P. 13(d); ***Waldron v. Delffs***, 988 S.W.2d 182, 184 (Tenn. Ct. App. 1998); ***Sims v. Stewart***, 973 S.W.2d 597, 599-600 (Tenn. Ct. App. 1998).

T.C.A. §49-5-511 (2002), under which Mumford sued to recover lost wages for the period of his suspension, reads, in relevant part, as follows:

> (3) A director of schools may suspend a teacher at any time that may seem necessary, pending investigation or final disposition of a case before the board or an appeal. If vindicated or reinstated, the teacher shall be paid the full salary for the period during which the teacher was suspended.[1]

T.C.A. §49-5-511(a)(3).

Applicability of T.C.A. §49-5-511

The Board asserts that T.C.A. §49-5-511 is not applicable to the case at bar because Mumford was not suspended "pending investigation or final disposition of the case before the Board." Relying on the words "before the Board," the Board reasons that it cannot be held liable for Mumford's lost wages since the disposition of the case against Mumford was not within the Board's control, it being a party neither to the General Sessions nor to the DCS proceedings.

In the Joint Stipulation of Facts, the Board concedes that it acquiesced to the demands of the DCS letter. Because he did not demand a hearing before the Board, as was his right under T.C.A. §49-5-512, Mumford, too, acquiesced to the DCS letter. In its brief, the Board asserts that it had no choice but to suspend Mumford since the Board was "under a statutory restraint pursuant to T.C.A. §71-3-530." T.C.A. §71-3-530 (1995) reads, in relevant part, as follows:

> (2) If the department determines that abuse, neglect, or sexual abuse has occurred and the person or agency fails to take appropriate action to prevent future abuse, neglect, or sexual abuse, the department shall take such action as may be necessary to revoke, suspend, or deny the agency's license. If the person or agency is not licensed or not subject to licensure, the department may proceed to bring an action in the chancery court of the county of the defendant's residence or the county in which the abuse, neglect, or sexual abuse occurred to enjoin

---

[1] The term "teacher," as used in this statute includes "teachers, supervisors, principals, director of schools and all other certificated personnel employed by any local board of education, for service in public, elementary and secondary schools in Tennessee...." T.C.A. §49-5-501(10) (2002).

the person or agency or any individual found by the department to have been responsible for the abuse, neglect, or sexual abuse from continuing to provide care for children on a full-time or part-time basis.

T.C.A. §7-3-530(2).[2]

Nothing in T.C.A. §71-3-530 indicates that DCS can mandate the Board to suspend one of its employees. Rather, T.C.A. §71-3-530 indicates that DCS "may proceed to bring an action...to enjoin the person or agency or any individual found by the department to have been responsible for the abuse...from continuing to provide care for children...." Short of a court order, it was not imperative that the Board suspend Mumford in response to DCS' April 15, 1997 letter. The Board, however, stipulates to the fact that it "compli[ed] with that letter pending the ultimate outcome of the department [DCS]." In its brief, the Board asserts that "[t]his case has arisen primarily because the pattern of reversals following [DCS'] initial determination consumed more than a year and a half to arrive at an ultimate solution...." Because it was under no legal obligation to suspend Mumford based solely on DCS' letter, at any time during the pendency of the DCS investigation and appeals process, the Board could have reinstated Mumford or could have conducted its own investigation of the allegations against him. Thus, the timeliness and ultimate disposition of this case could have been "before the Board" had the Board so chosen. However, the Board opted to await the final outcome of the DCS case. The fact that the Board acquiesced to DCS should not remove the Board from liability under T.C.A. §49-5-511 since this decision represents a choice by the Board and not a legal mandate.

Damages

Having found that T.C.A. §49-5-511 is applicable to this case, we now turn to the issue of whether and to what extent Mumford should recover thereunder. T.C.A. §49-5-511 clearly states that, "[i]f vindicated or reinstated, the teacher shall be paid the full salary for the period during which the teacher was suspended." The Board contends that the trial court was correct in allowing an offset against Mumford's salary of the amount he earned while working in Tunica County. We disagree. In **Jones v. Brown**, 727 S.W.2d 497 (Tenn. 1987), our Supreme Court held that T.C.A. §49-5-511(a)(3) means that the reinstated teacher is entitled to full salary with no offset allowed. **See also Bates v. Deal**, 728 S.W.2d 326 (Tenn. 1987).

The parties stipulate that Mumford's total compensation for the 1997-98 school year was $55,331.00, and that Mumford's salary for the 1998-99 academic year, up to February 12, 1999, was $34,597.00. In addition, Mumford asserts that he lost $5,420.00 in career ladder payments over the two summers of his suspension, and that he is entitled to recover for sick days, vacation days, lost contributions to his retirement fund, and social security benefits on his lost wages.

---

[2] T.C.A. §71-3-530 was repealed by Acts 2000, ch. 981 § 1, effective July 1, 2000. The DCS letter, which references this statute was written on April 15, 1997 and is set out *supra*.

T.C.A. §49-5-511 clearly limits recovery to "full back pay at the rate of a teacher's salary," *Jones*, 727 S.W.2d at 499, and there is no allowance for the recovery of benefits. Consequently, we find that Mumford is entitled to recover $55,331.00 for the 1997-1998 school year and $34,597.00 for the 1998-1999 school year. However, under the plain language of the statute, he is not entitled to recover for career ladder benefits, vacation days, sick days, retirement contribution, or social security contribution.

For the foregoing reasons, we modify the Judgment of the trial court to reflect an award of damages in favor of Mumford and against the Board in the amount of $89,928.00 and affirm the Judgment as modified. Costs of this appeal are assessed against the Appellee, Board of Education of the City of Memphis.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.

-7-